**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MAHMOOD ALIZADEH, on behalf of himself and all others similarly situated, ) ) ) Plaintiff, ) ) ) v. ) ) ) TELLABS, INC., TIMOTHY J. WIGGINS, ) and THOMAS P. MINICHIELLO ) ) Defendants. ) ) | No. 13 C 537  Judge Sara L. Ellis |

## ORDER

    Now before the Court is Defendants' motion for Rule 11 sanctions. Defendants' motion requires the Court to determine whether the statements in the Amended Complaint attributed to Confidential Witness 1, identified as James Stanley King, are based in fact. At this stage, prior to discovery, the Court cannot determine the veracity of any allegations attributed to Mr. King. Moreover, to the extent that Mr. King's statements in the Amended Complaint were vague or capable of being misconstrued, the Court dismissed the Amended Complaint without prejudice. If they so choose, Plaintiffs may take this opportunity to hone any of Mr. King's statements that require honing. Defendants' motion for Rule 11 sanctions [66] is denied without prejudice. See Statement.

## STATEMENT

    Defendants claim that the allegations in the Amended Complaint—specifically, statements by Mr. King—lack any reasonable basis in reality and are devoid of evidentiary support. Defendants seek sanctions not only against Plaintiffs' counsel, but also against Plaintiffs themselves. Defendants assert that, contrary to the allegations in the Amended Complaint, Mr. King never projected that Tellabs' sales to AT&T would decline to "near zero." Defense counsel state that they spoke to Mr. King directly and assert that he "disavowed ever issuing sales projections in 2010 showing that AT&T sales would decline to zero." Doc. 67 at 2. Defendants attach to their motion emails from Mr. King to other Tellabs employees in which Mr. King forecasted significant sales to AT&T in 2010 and 2011. Defendants contend that Mr. King projected at least $160 million in 2011 sales to AT&T when he made his projection in August of 2010.

    Plaintiffs state that they too spoke with Mr. King, who verified each allegation attributed to him in the Amended Complaint. Plaintiffs' counsel submit their own sworn statements confirming as much. Plaintiffs argue that Defendants took Mr. King's statements out of context

when they spoke to him, and that, given the necessary context, Mr. King would reaffirm each statement attributed to him. Plaintiffs counter-allege that Defendants should be sanctioned for filing a frivolous Rule 11 motion.

The Court finds that it is impossible and inappropriate to determine at this stage whether any allegations attributed to Mr. King have any basis in fact. *In re Consol. Indus.*, 360 F.3d 712, 717 (7th Cir. 2004) ("Of course, a judge reviewing a motion to dismiss under Rule 12(b)(6) cannot engage in fact-finding."); *Brand v. Comcast Corp.*, No. 12 CV 1122, 2012 WL 4482124, at *6 (N.D. Ill. Sept. 26, 2012) (noting that credibility determinations are "not appropriate at this first stage for accurate credibility assessments are difficult to make without the benefit of full discovery."); *LaPorte Sav. Bank v. Schmidt*, No. 10 CV 491, 2011 WL 2516536, at *4 (N.D. Ind. June 23, 2011) (denying a motion to dismiss in which the defendant "ask[ed] the court to make a credibility determination, afford full weight to the statements she made in her affidavit, and dismiss the claims against her without affording [the plaintiff] any opportunity to conduct discovery and refute her contentions.").

Fact discovery has yet to begin and Mr. King has not been deposed. The truth of any allegations attributed to Mr. King can be ascertained only after such discovery takes place. The Court cannot determine now, with access to only the few documents that the Defendants have selected, that Mr. King definitively did not make such statements as Plaintiffs represent that he made.

Because the Court cannot at this stage determine whether the Plaintiffs' allegations are so lacking in evidentiary support to render them sanctionable, Defendants' motion for Rule 11 sanctions [66] is denied, as is Plaintiffs' counter-request for sanctions against Defendants [76]. If after discovery, it becomes clear that any party's statement to the Court violated Rule 11, the opposing party may move for sanctions.

Date: June 16, 2014

/s/ _____